IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DEREK MYLAN ALLDRED, #27177-078** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:20cv620** |
| § | **CRIMINAL ACTION NO. 4:17cr105** |
| **UNITED STATES OF AMERICA** § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *pro se* Movant Derek Mylan Alldred's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, in which he challenges his Eastern District of Texas, Sherman Division conviction. After a close review of the case, and for the reasons discussed below, the Court concludes that Movant's § 2255 motion should be denied and dismissed with prejudice.

**I. BACKGROUND**

Movant met women online or in person, and would represent himself as a Navy pilot, a college instructor, an investment banker, or some other persona.[1] He would use different aliases, such as "Rich Tailor." As the relationship developed with the women, Movant would use their identities to gain access to their bank accounts, credit cards, retirement accounts, or other financial information. Movant perpetrated the same fraud on female victims in California, Hawaii, Minnesota, Nevada, and Texas. In fact, he would often use the money he stole from one victim to execute the

---

[1]The factual background is taken from the Presentence Report ("PSR"). Crim. ECF (Dkt. #59).

1

same fraudulent scheme on another victim.  At the disclosure of the Presentence Report, Movant was responsible for a documented loss of $803,141.75.  Crim. ECF (Dkt. #59 at 14).[2]

On September 13, 2017, a grand jury returned a ten-count first superseding indictment against Movant in which he was charged with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), one count of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), three counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, and five counts of Mail Fraud, in violation of 18 U.S.C. § 1341.  Crim. ECF (Dkt. #22).  On December 21, 2017, he entered into a written non-binding plea agreement, pleading guilty to two counts of Aggravated Identity Theft and one count of Mail Fraud.  Crim. ECF (Dkt. #39).  On August 23, 2018, the Court issued a judgment of 288 months' imprisonment.  Specifically, the Court sentenced Movant to twenty-four months' imprisonment for each count of Aggravated Identity Theft, to be served consecutively to each other as well as consecutively to the 240 months' sentence for Mail Fraud.  In reaching this sentence, the Court varied upwards from the sentencing guidelines based upon several factors.  Crim. ECF (Dkt. #89 at 85-93).  On September 4, 2018, Movant's request for appointment of counsel on appeal was granted.  Crim. ECF (Dkt. # 82).  On July 25, 2019, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit")  affirmed the judgment.  Crim. ECF (Dkt. #96).

Movant filed the instant § 2255 motion on July 24, 2020, the date he states he placed it in the prison mailing system.  (Dkt. #1).  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Government filed a Response, arguing that Movant is not entitled to any relief, to which Movant

---

[2]When referring to documents in the instant § 2255 civil motion, the Court will cite to it simply by the relevant docket number, i.e., (Dkt. #1). When referring to documents in the underlying criminal case, the Court will cite to it as Crim. ECF,  followed by the docket number, i.e., Crim. ECF (Dkt. #1).

filed a Reply. For the reasons discussed below, the Court will deny the motion.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III. SENTENCING AND PLEA AGREEMENT WAIVER

Movant claims that the District Court failed to follow the terms of the plea agreement when sentencing Movant. Specifically, Movant complains that he received two sentences of twenty-four months in each of the two Aggravated Identity Theft charges, for a total of forty-eight months. He asserts the plea agreement outlined only twenty-four months in total for both of the Aggravated Identity Theft charges.

As an initial matter, a review of Movant's case shows that he pled guilty pursuant to a written plea agreement that contains a waiver provision. Specifically, it states:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction,

>sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceedings, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Crim. ECF (Dkt. #39 at 7). The Court notes that Movant does not assert that his plea was unknowing or involuntary. Indeed, a review of the record clearly shows that Movant knowingly and voluntarily entered into the plea agreement.[3] If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). As Movant's plea was knowing and voluntary, the plea agreement must be upheld. Movant's plea agreement reserved for collateral review only two issues: a sentence exceeding the statutory maximum and a claim of ineffective assistance of counsel. Here, Movant raises an issue that he did not reserve for review; accordingly, the issue is waived.

Even if it was not waived, Movant is simply mistaken. The Plea Agreement states that for Counts Three and Four, the maximum penalties are "imprisonment for a term of 24 months to run consecutive to any other term of imprisonment imposed." Crim. ECF (Dkt. #39 at 2). Furthermore, at his plea hearing, the Magistrate Judge explained, "[f]or Counts 3 and 4, imprisonment for a term

---

[3] Movant's plea agreement shows that he understood the rights he was waiving, the rights he was retaining, and the range of punishment he faced. He stated, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." Crim. ECF (Dkt. #39 at 7). Additionally, United States Magistrate Judge Kimberly C. Priest Johnson held a change of plea hearing in which she concluded that Movant "is fully competent and capable of entering an informed plea," "is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily." Crim. ECF (Dkt. #42 at 3). Further, Judge Johnson found that after addressing Movant in open court, Movant's "plea is knowing and voluntary and did not result from force, threats, or promises (other than the promises set forth in the plea agreement)." *Id*. Finally, at his change of plea hearing, Movant stated in open court that he fully reviewed and discussed the plea agreement with Counsel, that he understood the nature of the charges against him, and that he also reviewed the plea agreement addendum and Factual Basis with Counsel. Crim. ECF (Dkt. #91). Movant stated that he understood the minimum and maximum penalties that could be imposed. *Id*.

of 24 months to run consecutive which means in addition to any other term of imprisonment imposed . . . ." Crim. ECF (Dkt. #91 at 9). Likewise, at his sentencing hearing ,the Court explained that the term of imprisonment "consists of 24 months on count three, 24 months on count four and 240 months on count six of the superseding indictment, all to be served consecutively, which is the max on each of the – the aggravated identity theft counts and then 20 years on count six." Crim. ECF (Dkt. #89 at 90). This issue is both waived and is without merit.

### IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S.

at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir., 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

**A.     Failure to Investigate**

Movant claims Counsel inadequately investigated his case. (Dkt. #1 at 4). It is well-settled that defense counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Federal habeas corpus relief is granted only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983).

Movant alleges that Counsel failed to investigate credit card statements and payments made to a victim for use of her credit card, and that Counsel failed to obtain "Chase Bank customer-service records and recordings." (Dkt. #1 at 5). He argues that he could not have stolen from this victim because she "not only knew the defendant but was also aware of and authorized the charges." *Id*. This is simply not true. The victim's alleged consent to the false persona of Rich Tailor did not

authorize Movant, Derek Mylan Alldred, to make charges to the credit card.  Furthermore, Counsel explained to Movant that "other than the financial information provided by the government in discovery (concerning the victims) the defense is without power to legally obtain a person's credit card statement, banking statements and banking information generally."  (Dkt. #9-2 at 2).  Counsel further noted:

> The undersigned advised Mr. Alldred of the Banking Secrecy Act in general terms. The undersigned briefly researched the notion of investigative subpoenas by a defendant and failed to find any avenue for success; short of subpoena duces tecum for a pretrial hearing date, trial date, or sentencing hearing.  The undersigned could not find a rational good faith pretrial motion to use as a vehicle to subpoena [the victims].  Subpoenas for the sentencing hearing would have produced the requested documents on the day of the sentencing hearing that would have been voluminous and of little value on the day of sentencing. Prior to sentencing, the government provided a great deal of the financial information Mr. Alldred complains of, but not all.

*Id*. at 2-3.  The record contradicts Movant's assertion; these issues are meritless.

Movant next claims that he could not have been guilty of identity theft because he presented himself as a false persona, and Counsel was ineffective for failing to investigate the charges both factually and legally.  A review of Counsel's affidavit shows that Counsel explained the various theories under which Movant could be found guilty under 18 U.S.C. § 1028A.  (Dkt. #9-2 at 3). After Counsel presented this information, Movant made the decision to plead guilty to the charges, both in writing and under oath at his plea hearing.  *Id*.  Movant fails to show what Counsel would have found had he investigated further or how further investigation would have altered the outcome of his case.  *Gray*, 677 F.2d at 1093.  Furthermore, he knowingly and voluntarily pled guilty.  This issue is without merit.

Additionally, Movant complains that Counsel failed to investigate the facts concerning various aggravating factors noted in the Presentence Report ("PSR"). (Dkt. #1 at 7-13). However, Counsel examined whether aggravating or mitigating factors should apply to Movant's case, and he raised several objections to the PSR in this vein. Counsel objected to no reduction for acceptance of responsibility, Crim. ECF. (Dkt. #89 at 5-13, 22-23), to sophisticated means, i.e., that Movant purposefully relocated to continue fraud and attempt to evade detection, *id*. at 13-19, to possession of a firearm, *id*. at 20-21, and to the loss amount calculation and alleged false claims of victims, *id*. at 25. This Court overruled the objections. Movant fails to show Counsel performed deficiently.

Movant also complains that Counsel failed to investigate the timeline of events that would have led to the dismissal of the charges. In response, Counsel stated:

> The undersigned investigated the timeline of events and is of the opinion that there would have been no traction gained by moving to quash/dismiss the indictment; any misstatement of a testifying agent notwithstanding.

(Dkt. #9-2 at 4). Movant cannot make a case for ineffectiveness by making conclusory claims based on counsel's failure to file motions, make objections, or follow his instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). In analyzing whether counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). It is well-settled that counsel is not required to argue or file meritless objections or motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

The record shows that Counsel investigated the case and raised relevant objections based upon the law and the facts of the case. Movant has not shown that any motion to dismiss or quash the indictment would have been granted. *Oakley*, 827 F.2d 1025. In sum, Movant fails to show that,

but for Counsel's alleged failures, the outcome would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that he would not have pled guilty and taken his chances at trial, but for Counsel's alleged errors. *Hill*, 474 U.S. at 57-59.

**B.     Undisclosed Conflict of Interest Concerning Counsel's Prior Naval Service**

Movant claims Counsel failed to disclose his prior military service in the United States Navy. Presumably as a result of Counsel's prior military service, Movant asserts Counsel failed to challenge the Government's case because Movant often wore a Naval uniform and falsely told his victims he was a Naval officer. (Dkt. #1 at 13-15).

A conflict of interest exists when defense counsel places himself in a position conducive to divided loyalties. *United States v. Medina*, 161 F.3d 867, 870 n.1 (5th Cir. 1998). An actual conflict exists when defense counsel is compelled to compromise his duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a present or former client. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). It is well settled that a conflict of interest must be actual, rather than potential or speculative, for it to violate Sixth Amendment standards. *See, e.g., Barrientos v. United States*, 668 F.2d 838, 841 (5th Cir. 1982).

Movant presents nothing in support of this claim. In contrast, Counsel noted that he, in fact, discussed his military service with Movant. (Dkt. #9-2 at 5). In the original Criminal Complaint filed against Movant, one of the violations alleged against Movant was fraudulent representation of military medals or decorations, in violation of 18 U.S.C. § 704. Crim. ECF (Dkt. #1). Counsel disclosed his prior military status when explaining the errors in the medals, service devices, and decorations as shown in the discovery photos of Movant wearing a Navy uniform. Crim. ECF

9

(Dkt. #9-2 at 5). Counsel further stated:

> Nothing in my prior military service leads to a conflict of interest much less an appearance of a conflict of interest. Most of my active duty service was as both Trial Defense and Appellate Defense Counsel; and my brethren oft referred to me as the "Pariah" of the JAG Corps for my willingness to challenge authority. My service to the Navy concluded years before meeting Mr. Alldred; therefore, I owed no allegiance to the Navy or the military in general.

*Id*. There is no evidence in the record to show that Counsel had a conflict of interest. In sum, Movant only alleges a potential or speculative conflict of interest, which is insufficient to violate Sixth Amendment standards. *Barrientos,* 668 F.2d at 841. Movant fails to how Counsel's military service created a conflict of interest or how it prejudiced his case. This issue is frivolous and without merit.

**C.    Failure to Produce Mitigating Evidence**

Movant next asserts that Counsel failed to investigate "vast trenches of mitigating evidence." (Dkt. #1 at 15). Again, Movant wholly fails to identify the mitigating evidence and how such evidence would have altered the outcome of his case. The record shows that Counsel "investigated all the evidence produced by the government and all publicly available evidence of the alleged victims in his case." (Dkt. #9-2 at 5). Counsel stated, "[a]t every turn the claims Mr. Alldred made, save and except those of his legal blindness, were unprovable and contrary to the claims made by the multiple victims in this case." *Id*. 5-6. Counsel further stated, "In short, I could find no mitigating evidence, no recent work history, no means of financial support and no character witnesses to support him or to contradict victim statements." *Id*. at 6. Movant fails to show the mitigating evidence Counsel allegedly would have found had he investigated further or how further investigation would have altered the outcome of his case. *Gray*, 677 F.2d at 1093. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870

F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

### D. Failure to Explain Plea Agreement and Seek Withdrawal of Plea

Movant contends Counsel failed to explain the plea agreement to him and only showed up on the morning it was due to present it to him. (Dkt. #1 at 16). He claims that Counsel "failed at every level and every corner concerning my plea." *Id*.

In his affidavit, Counsel outlines that he discussed the evidence of the case, the plea agreement, and all consequences of pleading guilty over a lengthy visit with Movant. (Dkt. #9-2 at 6). Moreover, Movant stated in open court that he reviewed the plea documents with Counsel prior to signing them. Crim. ECF (Dkt. #91 at 8). In fact, Movant stated under oath that he had reviewed each of his plea papers with Counsel prior to signing them, that he discussed the potential guideline ranges, that no promises were made to him apart from those in the plea agreement, that he had the opportunity to fully review and discuss his case with Counsel, and that he was satisfied with Counsel's advice and representation. *Id*. at 3-18. Solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). At no time did Movant indicate he did not understand his plea agreement or the factual basis. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show that, but for Counsel's alleged deficient performance, the outcome would have been different. *Strickland*, 466 U.S. at 694. He also fails to show that he would not have pled guilty and taken his chances at trial. *Hill*, 474 U.S. at 57-59.

### E.     Failure to Explain Restitution Amount

Movant asserts that Counsel misrepresented a last-minute restitution agreement. (Dkt. #1 at 16). The record shows that Counsel advised Movant of the aspects of mandatory restitution that was part of the plea agreement. (Dkt. #9-2 at 6). Counsel noted that he "explained mandatory restitution to Mr. Alldred prior to signing the plea agreement, as part of his plea and prior to sentencing." *Id*. Counsel further "discussed objections to the restitution amounts with Mr. Alldred after publication of the initial PSR." *Id*. Ultimately, Counsel advised Movant that agreeing to the restitution requested by the victims, rather than insisting upon a hearing, "might garner favor with Judge Mazzant prior to imposition of the sentence." *Id*. This advice is considered trial strategy. Movant fails to prove that there is a reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. He also fails to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.* at 689. This issue is meritless.

### F.     "Nonexistent" Representation

Movant also asserts that Counsel's representation was "nonexistent." (Dkt. #1 at 18). The record contradicts this claim, however, showing that Counsel devoted 189 hours to Movant's case, not including the hours spent on reading the many letters that Movant sent to him. (Dkt. #9-2 at 1). Additionally, Counsel spent twenty-six hours meeting directly with Movant or investigating matters related directly to him. (Dkt. #9-2 at 6-7). Moreover, Movant affirmed under oath that Counsel had reviewed all of the plea documents with him, discussed the possible guideline sentencing range, and

12

fully reviewed and discussed the case with him. Movant's declarations in open court carry a strong presumption of verity. *Lampazianie,* 251 F.3d at 524. Movant's claim is conclusory, which is insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. The issue is without merit.

### G. Failure to Appeal the Detention Order

Movant next complains that Counsel failed to appeal the order of detention. (Dkt. #1 at 19). The record shows that, on June 16, 2017, Movant waived his detention hearing following his initial appearance. Crim. ECF (Dkt. #11). After Counsel Robert G. Arrambide was appointed (Frank Henderson was initially appointed), Movant requested a detention hearing. Crim. ECF (Dkt. #26). In a detention hearing held on September 27, 2017, United States Magistrate Judge Christine A. Nowak ordered that Movant be detained. Crim. ECF (Dkt. #32). Counsel explained to Movant that appealing the detention was unlikely to gain his release. (Dkt. #9-2 at 7). At that time, Movant agreed that the better practice would be to develop new evidence or witnesses and try to reopen the hearing. *Id*. However, as Counsel's affidavit reveals, "such evidence or witnesses were not to be found." *Id*. Movant fails to show how an appeal of the detention order would alter Movant's conviction or sentence, especially in light of the fact that he pled guilty.

### H. Appellate Counsel's Failure to Raise Certain Claims

Movant alleges that Appellate Counsel, James Whalen, was ineffective for failing to challenge the Aggravated Identity Theft charges and the related sentences. He also asserts that Appellate Counsel was ineffective for failing to investigate that, during the plea hearing, Movant did not plead to stealing the victim's identity, but instead, he pled to using a fictitious alias of "Richard Derek Tailor."

13

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 687. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983).

The record shows that Appellate Counsel filed an appeal concerning the admonishments provided to Movant. (Dkt. #9-3 at 1). Specifically, Appellate Counsel argued that Movant did not knowingly enter his plea because he was not correctly advised of his maximum sentencing exposure. The Fifth Circuit concluded that there is not a reasonable probability that Movant would not have

pled guilty absent the Magistrate Judge's alleged error in the admonishment. Crim. ECF (Dkt. #96-1). In his affidavit, Appellate Counsel explained that because Movant's plea agreement contained the waiver provision, it essentially prevented any error on appeal that did not affect the validity of the plea itself. (Dkt. #9-3 at 1). Nonetheless, there was no stipulation that the parties agreed to a total of twenty-four months for both of the Aggravated Identity Theft charges.

Additionally, Appellate Counsel noted, "I reviewed the transcript of his Change of Plea hearing as well as the Factual Basis for his plea agreement and do not see any issue that could have been raised about the plea agreement not being followed." *Id*. Moreover, the record shows that Movant understood the terms of the plea agreement. Movant fails to show any trial errors with arguable merit. *Hooks*, 480 F.2d at 1198. He also has not shown that, had Appellate Counsel raised these issues, he would have prevailed on appeal. *Sharp*, 930 F.2d at 453; *Murray*, 736 F.2d at 283-84. In sum, Movant fails to show Appellate Counsel was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his alleged unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal. *Robbins*, 528 U.S. at 285. This issue is meritless.

## V. CONCLUSION

Movant knowingly and voluntarily pled guilty; therefore, the plea agreement must be upheld. The waiver provision in the plea agreement limits the issues the Court may consider to (1) a sentence in excess of the statutory maximum or (2) claims of ineffective assistance of counsel. Movant did not assert he was sentenced in excess of the statutory maximum; thus, his first issue concerning the Court's alleged error in sentencing Movant to twenty-four months in each of his Aggravated Identity Theft charges is waived. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (upholding the

informed and voluntary waiver of post-conviction relief). In each of Movant's ineffective assistance of trial counsel claims, he fails to show there is a reasonable probability that, but for Counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that, but for Counsel's alleged errors, he would not have pled guilty and taken his chances at trial. *Hill*, 474 U.S. at 57-59. Finally, Movant fails to show that, had Appellate Counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp*, 930 F.2d at 453. Movant fails to show he is entitled to relief in this case.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, this Court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## VII.  ORDER

It is therefore **ORDERED** the Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 29th day of September, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE