IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEREK MYLAN ALLDRED, #27177-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv620 |
| | § | CRIMINAL ACTION NO. 4:17cr105 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

In a motion for reconsideration (Dkt. #25), *pro se* Movant Derek Mylan Alldred asks the

Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a

Sentence filed pursuant to 28 U.S.C. § 2255.

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness

of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge*

*Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's

Federal Practice ¶ 204.12[1] at 4-67 (1985)).  "Rule 59(e) serves the narrow purpose of allowing a

party to correct manifest errors of law or fact or to present newly discovered evidence. . . .

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used

sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and

quotations omitted).  The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to

alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611

(5th Cir. 1993).  The rule does not exist to be a vehicle for re-litigating old issues, presenting the case

under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa*

*Corp v. GBJ Corp.*,  156 F.3d 136, 144 (2d Cir. 1998).  However, it allows a party to "question the

correctness of a judgment." *Templet*, 367 F.3d at 478.  The rule for reconsideration of a final

1

judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously,  (3) the need to correct a clear error of law or fact,  or (4) to prevent a manifest injustice.  *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

The record shows that Movant was sentenced to 288 months' imprisonment after he pled guilty pursuant to a written plea agreement to two counts of aggravated identity theft and one count of mail fraud, in violation of  18 U.S.C. § 1028A and 18 U.S.C. § 1341, respectively.  On July 25, 2019, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed the judgment. Crim. ECF (Dkt. #96).  On September 29, 2023, the Court denied Movant's § 2255 motion.

In Movant's motion for reconsideration, he reurges issues already found to be without merit and raised a new issue.  As noted above, motions for reconsideration are not for re-litigating old issues or presenting the case under new theories.  *Sequa Corp*., 156 F.3d at 144.  Additionally, the Court need not consider new claims raised in objections or a Reply brief.  *United States v. Cervantes*, 132 F.3d 1106, 111 (5th Cir. 1998).

In conclusion, Movant fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case.  *Schiller,* 342 F.3d at 567. Movant is simply attempting to take a "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144.  He fails to show that he is entitled to relief from judgment.

It is therefore **ORDERED** that Movant's Motion for Reconsideration (Dkt. #25) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 18th day of January, 2024.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE